# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:96-cr-00008 |
| | ) | |
| ROBERT WARE | ) | Judge Campbell |

## MEMORANDUM OPINION

Before the Court is defendant Robert Ware's Motion for Relief from Final Judgment (ECF No. 403), which the United States opposes. (ECF No. 406.) For the reasons set forth herein, the motion will be transferred to the Sixth Circuit for consideration as an application for permission to file a second or successive habeas motion.

## I.    PROCEDURAL BACKGROUND

Ware was tried by a jury and convicted in March 1997. The Court (Wiseman, J., retired) sentenced him to serve a 360-month sentence in federal prison for conspiring to possess and distribute cocaine and cocaine base and for possessing cocaine with intent to distribute. (ECF No. 147, Judgment.) Ware pursued a direct appeal, and the Sixth Circuit Court of Appeals affirmed the conviction and sentence. *United States v. Ware*, 161 F.3d 414 (6th Cir. 1998), *cert. denied*, 526 U.S. 1045 (1999). Ware filed a timely motion to vacate his sentence under 28 U.S.C. § 2255. This Court denied relief, *Ware v. United States*, 124 F. Supp. 2d 590 (M.D. Tenn. 2000) (Wiseman, J.), and the Sixth Circuit affirmed. 55 F. App'x 351 (6th Cir. 2003).

Since then, Ware has filed several other post-judgment motions, including a motion for retroactive application of the amended crack cocaine sentencing guidelines, motion to reduce sentence, motion for writ of error *audita querela*, and motion to reduce sentence under 18 U.S.C. § 3582(c), all of which the Court denied.

## II.    RULE 60 MOTION

The defendant initially states that his current motion for relief from judgment is filed pursuant to Rule 60(d)(3) of the Federal Rules of *Criminal* Procedure. (ECF No. 403, at 1.)  He makes it clear in the body of his motion, however, that he seeks relief under Rule 60(d)(3) of the Federal Rules of *Civil* Procedure, which recognizes that the other provisions of Rule 60 do not "limit a court's power to . . . set aside a judgment for

fraud on the court." In his motion, Ware insists that he is entitled to relief because of a fraud perpetrated upon the Court. He asserts that "the federal prosecutor and/or its agents, fabricated evidence and used perjured testimony to procure the search warrant, indictment and superseding indictment in this case," upon which the jury and court relied in convicting and sentencing him. (ECF No. 403, at 6.) More specifically, he alleges that the assistant United States attorney knowingly admitted into evidence at trial a falsified state laboratory report, and knowingly admitted into evidence false testimony from corrupt police officers. Ware argues that there is no statute of limitations for motions under Rule 60(d)(3) of the Federal Rules of Civil Procedure and that this Court may properly exercise jurisdiction over his motion.

To the contrary, a defendant seeking relief from a *criminal* judgment cannot obtain relief under Rule 60 of the rules governing *civil* actions.[1] *United States v. Moon*, 527 F. App'x 473, 474 (6th Cir. 2013); *United States v. Bender*, 96 F. App'x 344, 344 (6th Cir. 2004).  *See also Gonzales v.* Crosby, 545 U.S. 524 (2005) (distinguishing between a second or successive habeas motion, which contains "claims," and a properly filed Rule 60(b) motion, which "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings"); *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (holding that relief under Rule 60 is available only if the motion "attacks the integrity of the habeas proceeding and not the underlying criminal conviction"). The motion in this case does not attack the integrity of the previous habeas corpus proceeding. Rather, it attacks the underlying criminal conviction.

Motions pursuant to § 2255 are the presumptive means for a federal prisoner to challenge a conviction or sentence as allegedly in violation of the Constitution. *Davis v. United States*, 417 U.S. 333, 343 (1974). A federal prisoner can move the court that imposed his sentence to vacate, set aside, or correct the sentence if the court finds that "judgement was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

Because Ware has already pursued one § 2255 motion, and because his Rule 60 motion attacks the underlying criminal conviction, the Court construes the motion as a second or successive § 2255 motion in

---

[1]  Nor can Ware rely on Rule 60 of the Federal Rules of Criminal Procedure, as that rule pertains to victims' rights.

disguise. *Cf. United States v. Al-Haj,* 615 F. App'x 509, 510 (10th Cir. 2015) (holding that the district court correctly construed the defendant's Rule 60(d) motion as a successive § 2255 motion because it challenged the underlying conviction rather than a defect in the habeas proceeding); *United States v.McDaniel*, 604 F. App'x 747, 748 (10th Cir. 2015) (same); *United States v. Gibson*, 459 F. App'x 283, 283 (4th Cir. 2011) (Rule 60(d) motion properly construed as successive and unauthorized § 2255 motion).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) set forth strict limitations upon prisoners' ability to file a second or successive § 2255 petition. To satisfy these requirements, the appropriate Court of Appeals must certify that a prisoner's petition contains (1) newly discovered evidence or (2) a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C. § 2255(h). If the Court of Appeals has not authorized a second or successive § 2255 motion, then the District Court lacks the subject-matter jurisdiction required to consider the motion. *Robinson v. Johnson*, 313 F.3d 128, 138 (3d Cir. 2002).

Ware has not established that the Sixth Circuit has authorized the filing of a second or successive habeas motion. In accordance with the accepted practice in this circuit, Ware's motion must be transferred to the Sixth Circuit Court of Appeals under 28 U.S.C. § 1631 to be treated as an application for permission to file a second or successive habeas motion. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

An appropriate order is filed herewith.


Todd Campbell
United States District Judge