IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) NO. 3:96-cr-00008 |
| | ) JUDGE RICHARDSON |
| ROBERT WARE | ) |
| | ) |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Robert Ware's Motion for Early Termination of Supervised Release (Doc. No. 428, "Motion"), wherein Defendant asks the Court to terminate his five-year term of supervised release, approximately 26 months of which he has served.

**I. Background**

Defendant's term of supervised release was imposed as part of his sentence imposed after his conviction at a 1997 jury trial on three counts, namely conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846; conspiracy to distribute and possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 846; and distribution of and possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Defendant concluded serving his 360-month sentence of incarceration on July 21, 2022, with the last year of such sentence being served at a community correction center. He began his five-year term of supervised release on July 21, 2022, which is scheduled to expire on July 21, 2027.

Defendant contends that he meets the criteria for early termination of supervision because, according to him:

> As of the date of filing this motion for early termination of supervised release, there have been no violations of release, or incidents which would warrant any corrective action by the Probation [Office] toward Mr. Ware. In other words, he has been a model individual while on supervised release, not only maintaining

full-time employment, but working with various civic organizations in the
community to try and not only better himself, but to help others.

(*Id.* at 2). Defendant further represents:

> Undersigned counsel has been in contact with United States Probation Officer Specialist JaMita Bobo related to Mr. Ware, and confirmed with Ms. Bobo that Mr. Ware has maintained continued and long-term employment since August 21, 2021, tested negative on all drug screens, and not otherwise been arrested or committed a supervised release violation. Ms. Bobo believes that Mr. Ware would be an excellent candidate for early termination of supervised release. Undersigned counsel has also conferred with AUSA Ben Schrader, and the Government does not have any objection to the motion for early termination of supervised release that is filed on behalf of Mr. Ware, given that the U.S. Probation Office supports Mr. Ware's request for early termination. In addition, undersigned counsel has been in contact with former AUSA Michael Roden who prosecuted the case against Mr. Ware in 1996 and 1997. Mr. Roden has now retired from the U.S. Attorney's Office, but does not have an objection to the motion for early termination of supervised release.

(*Id.* 2-3).

**II. Law and Analysis**

Section 3583(e)(1) of Title 18, United States Code, permits early termination of supervised release, after the expiration of one year of supervised release, if the Court is satisfied that such action "is warranted by the conduct of the defendant released and the interest of justice." Factors to be considered in granting early termination include, to the extent applicable in a particular case: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education nor vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission;

(7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & (a)(7).

In addition to these factors, federal judicial policy calls for courts to consider the following factors when evaluating the appropriateness of early termination of supervised release: stable community reintegration, progressive strides toward supervision objectives, no aggravated underlying convictions, no history of violence, no recent arrests, convictions, alcohol or drug abuse, and no identifiable risk to public safety. *Guide to Judiciary Policy*, Vol. 83 § 380.10(b) (2010).

In this case, upon the application of the § 3553 factors, and considering the lack of opposition by the Government and the United States Probation Office, the Court finds that collectively they strongly support Defendant's request for early termination of supervised release. It is undisputed that Defendant has successfully transitioned into his community, complied with his conditions of supervised release, and maintained steady employment. It is true that Defendant has served last than half of his term of supervised release, but given the considerable length of that term as originally imposed, he nevertheless has served (successfully) a substantial period of time on supervised release. And it is noteworthy that Defendant's offenses of this conviction are decades old. Thus, upon the application of the § 3553 factors, and in consideration of the lack of opposition, the Court finds that termination of supervised release is clearly warranted at this time. Therefore, the Motion (Doc. No. 428) is **GRANTED**, and Defendant's term of supervised release is hereby terminated.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE